IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN FELIPE VIDRIO FUENTES,<br>MARTIN TOPETE GARCIA,<br>JOHNATHAN TOPETE,<br>ANTHONY WAYNE JOHNSON II,<br>TREVOR ALLEN HANDY,<br>JAMES ANDREW STRINGARI,<br>JANET DEAN WHITE, and AGATHA<br>NORIZ CARRANZA<br><br>Defendants. | CR 23–10–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Juan Felipe Vidrio-Fuentes's Pro Se Motion Under 28 U.S.C. § 2255 (Doc. 206), which the Court construes as a motion to dismiss the indictment for violation of the Speedy Trial Act, (Doc. 208). In the motion, Defendant claims that his speedy trial right has been violated because "he never waived [his] right to a speedy trial" and "never signed a waiver for any continuance." (Doc. 206 at 4.) The United States denies that any Speedy Trial Act violation has occurred. (Doc. 211.) For the reasons discussed below, the motion is denied.

1

## LEGAL STANDARD

The Sixth Amendment guarantees citizens "the right to a speedy and public trial." U.S. CONST. amend. VI. "To give effect to this Sixth Amendment right, Congress enacted the Speedy Trial Act, which sets specified time limits after arraignment or indictment within which criminal trials must commence." *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022); *Furlow v. United States*, 644 F.2d 764, 768–69 (9th Cir. 1981) (per curiam) (describing the Speedy Trial Act as the Sixth Amendment's "implementation"). The Speedy Trial Act specifies that a court must set the trial to commence on a date within seventy countable days of arraignment, "so as to assure a speedy trial." 18 U.S.C. § 3161(a). In a multi-defendant case, the Speedy Trial clock starts running after the indictment or arraignment of the last co-defendant. *See id.* § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."); *United States v. Morales*, 875 F.2d 775, 776 (9th Cir. 1989) (stating that if several defendants are joined, the seventy-day limit is measured from the date that the last co-defendant is arraigned). The

Speedy Trial Act mandates dismissal of the indictment upon defendant's motion if the seventy-day period is exceeded.  18 U.S.C. § 3162(a)(2).

However, the Speedy Trial Act also "recognizes that criminal cases vary widely and there are valid reasons for greater delay in particular cases."  *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Consequently, the Speedy Trial Act affords district courts "the necessary flexibility" by including "a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."  *Id.* (citing 18 U.S.C. § 3161(h)).  Relevant here, the Speedy Trial Act excludes any "delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Importantly, "an exclusion to one defendant applies to all co-defendants."  *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).

## DISCUSSION

Defendants Trevor Allen Handy and Janet Dean White first appeared and were arraigned on July 7, 2023.  (Docs. 31, 33.)  Defendants Vidrio-Fuentes, Martin Topete Garcia, Johnathan Topete, and Anthony Wayne Johnson II made their initial appearances and were arraigned on July 27, 2023.  (Docs. 46, 48, 50,

52.)  On August 7, 2023, Defendant Agatha Noriz Carranza appeared and was arraigned.  (Doc. 75.)

On August 9, 2023, the Court issued a scheduling order setting trial for October 10, 2023.  (Doc. 83.)  On August 16, 2023, Defendant Topete Garcia moved for a thirty-day continuance of trial pursuant to § 3161(h)(7).  (Doc. 88.)  None of the co-defendants objected to the continuance.  (*Id.*)  The Court found that an ends of justice continuance was warranted and continued trial until November 20, 2023.  (Doc. 97.)

On October 3, 2023, Defendant White requested a second thirty-day continuance of trial pursuant to § 3161(h)(7).  (Doc. 112.)  The Court denied the motion subject to renewal because Defendant White did not indicate whether any of her co-defendants opposed the motion.  (Doc. 114.)  Defendant White filed a renewed motion on October 30, 2023, this time requesting a sixty-day continuance pursuant to § 3161(h)(7) and indicating that none of her co-defendants objected to the motion.  (Doc. 120.)  The Court found that the continuance was warranted and reset trial for the next available date on the Court's calendar, January 22, 2024.  (Doc. 122.)

The last co-defendant to be arraigned in the case, Defendant James Stringari, appeared on December 15, 2023.  (Doc. 132.)  As such, for the purposes of calculating the Speedy Trial clock in this case for all defendants, the starting date is

December 15, 2023.  However, because the Court had already granted an ends of justice continuance until January 22, 2024, all time until January 22 was excluded from the speedy trial clock calculation.  On January 5, 2024, Defendant Stringari filed an unopposed motion to continue trial for another thirty days.  (Doc. 141.)  The Court once more found that the "ends of justice served by allowing additional time for Stringari and his co-defendants to prepare for trial outweigh the best interests of the public and Defendants in a speedy trial."  (Doc. 143 at 3.)  The Court reset trial to the next available date on the Court's calendar, February 26, 2024.  (*Id.* at 4.)  Again, all time between January 22 and February 26 was excluded from the Speed Trial clock.

On February 16, 2024, the Court issued an order *sua sponte* continuing trial until March 11, 2024.  (Doc. 169.)  The Court acknowledged that this would not constitute an ends of justice continuance pursuant to § 3161(h)(7), and therefore, all time between February 26 and March 11 was not excludable under the Speedy Trial Act.  (*Id.* at 2.)  On February 27, 2024, Defendant Topete Garcia filed a second motion to continue trial pursuant to § 3161(h)(7).  (Doc. 187.)  The motion requested a continuance until April 22, 2024, or a date convenient to the Court, and no co-defendants objected to a trial setting before June.  (*Id.* at 2.)  The Court found that "a failure to grant a continuance would deny [Defendant Topete Garcia's] counsel reasonable time necessary for effective preparation and could

5

preclude continuity of counsel for [Defendant Topete Garcia] and several of his co-defendants" due to counsels' preexisting obligations. (Doc. 189 at 3.) Accordingly, the Court granted another ends of justice continuance until April 22, 2024, the current trial setting. (*Id.* at 4.)

Based on these fact, it is clear that there has not been any Speedy Trial Act violation in this matter. Defendant Vidrio-Fuentes did not object to any of the continuances and, as already explained, an ends of justice continuance pursuant to § 3161(h)(7) counts for all co-defendants. Defendant Vidrio-Fuentes's argument that he did not explicitly waive his speedy trial rights also holds no water because, as the Ninth Circuit has explained "a defendant cannot 'waive' time under the Speedy Trial Act." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1156 (9th Cir. 2000). Time is either excludable under the Act's provisions, or it is not. Here, all time beginning from December 15, 2023, when the last defendant was arraigned until the date of trial, April 22, has been excluded from the Speedy Trial Act calculation as a result of ends of justice continuances, with the exception of the one day that passed between February 26 and 27.

Accordingly, IT IS ORDERED that Defendant Vidrio-Fuentes's pro se motion (Doc. 206) is DENIED.

DATED this 10th day of April, 2024.

_____
Dana L. Christensen, District Judge
United States District Court